PER CURIAM:
Claimants brought this action for property damage which occurred when Respondent used tar and chips to repair the pavement on Kentuck Road, designated as County Route 19, in Kenna, Jackson County. The tar was not adequately covered with sand to prevent vehicles traveling on County Route 19 from splattering tar onto Claimants’ concrete driveway located on 464 Kentuck Road. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred in March of 2009 when Respondent was paving the holes on County Route 19 with “tar and chip.” Claimants allege that when the tar reached a certain temperature, it would “boil up,” and passing traffic would splash the hot tar onto their driveway. In addition, the Claimants’ own vehicles would track tar onto the driveway. Claimants built their home on Kentuck Road four years ago and the driveway was in new condition. Claimant Kenneth Dutchess was unable to determine the width of Respondent’s right-of-way in front of his residence. He further stated that he did not obtain a permit from Respondent when he constructed the driveway. Although Mr. Dutchess has cleaned the driveway himself, he has been unable to remove all ofthe tar stains. As aresult, Claimants seek to recover $3,000.00 for the damage to their driveway. Claimants’ homeowner’s *115 insurance policy indicates that their deductible was $1,000.00.
The position of the Respondent is that it did not have actual or constructive notice of the damage that the tar caused to Claimant’s driveway on County Route 19. Calvin Donohew, Jackson County Crew Supervisor for Respondent, testified that County Route 19 is a second priority road in terms of maintenance. Mr. Donohew was unable to determine the width of Respondent’s right-of-way at the location of Claimant’s residence. Mr. Donohew stated that due to budget constraints, Respondent used tar and chip, which is a less expensive method of road repair than cold mix. In any case, cold mix was not available during that time of year because it had been used up during the winter months. TheDOH 12's, records of Respondent’s work activities, indicate that Respondent had engaged in patching activities using tar and chip on March 31,2009, April 23,2009, and April 24,2009. Mr. Donohew recalled returning to the area on different occasions to place sand to prevent the tar from splattering on the surface.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order to hold Respondent liable for road defects of this type, a Claimant must prove that Respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman v. Dep’t of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that Respondent had, at the least, constructive notice of the condition on Kentuck Road. The Court finds that Respondent failed to cover the holes with an adequate amount of sand to prevent the tar from splattering onto Claimants’ driveway when vehicles traveled on this road. Thus, the Court finds Respondent negligent and Claimants may make a recovery for the damage to their driveway. Since Claimants’ insurance deductible was $1,000.00, Claimants’ recovery is limited to that amount.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does malee an award to the Claimants in the amount of $1,000.00.
Award of $1,000.00.